Rochelle S. HAYNES, Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human
Services, Appellee.

No. 82–1895.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1983.

Decided Aug. 17, 1983.

Wilson, Grider & Castleman, Pocahontas, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., George W. Proctor, U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., Mary K. Biester, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before BRIGHT and FAGG, Circuit Judges, and REGAN,* Senior District Judge.

FAGG, Circuit Judge.

This appeal followed entry of summary judgment against Rochelle S. Haynes in an action brought by her pursuant to 42 U.S.C. § 405(g) for review of a decision of the Secretary denying her claim for Social Security disability benefits. On appeal Haynes contends that the Secretary's decision was not supported by substantial evidence and that in determining her disability status the Secretary improperly applied the medical-vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1982). We reverse and remand for further consideration by the Secretary because the administrative law judge relied on the medical-vocational guidelines to direct a conclusion of not disabled in a case involving nonexertional impairments.

The administrative law judge found that Haynes was afflicted by several health impairments prior to September 30, 1964, the end of her eligibility period. He found the medical evidence established that, as of the date she alleged disability, Haynes had diverticulosis with probable diverticulitis, mild high blood pressure and spastic colitis or irritable colon syndrome. He noted that gastrointestinal blood loss resulting from diverticulosis/diverticulitis had necessitated a transfusion. He further found that Haynes once had continuous uncontrolled diarrhea for a period of six months and that she suffered recurrent episodes of diarrhea which were only partially controlled by the use of medication. The administrative law judge followed the sequence of determinations established by the regulations, see 20 C.F.R. § 404.1520 (1982), and concluded that Haynes could not perform her past relevant work. He went on to find that she had the residual functional capacity for sedentary work, consulted the corresponding table in Appendix 2, and determined that her characteristics fit the criteria of Rule 201.21 in Table 1 of Appendix 2, which dictated a finding of not disabled.

Once it was established that Haynes could not perform her past relevant work, the burden shifted to the Secretary to prove with substantial evidence that she retained the ability to engage in other work available in the national economy. See McCoy v. Schweiker, 683 F.2d 1138, 1146–47 (8th Cir. 1982). To meet this burden the Secretary must first establish that the claimant has the ability to engage in other kinds of work. O'Leary v. Schweiker, 710 F.2d 1334 at 1338 (8th Cir.1983). This step involves establishing the individual's residual functional capacity, that is, what the claimant can still do despite his or her limitations. See id.; 20 C.F.R. § 404.1545 (1982). However, it must be kept in mind that for purposes of applying the medical-vocational guidelines residual functional capacity is defined wholly in terms of a claimant's physical ability to perform exertional tasks and does not take into account nonexertional impairments. See McCoy v. Schweiker, supra, 683 F.2d at 1148. Once the claimant's capabilities are established, the Secretary must also show that there are jobs available in the national economy that the claimant can perform. O'Leary v. Schweiker, supra, 710 F.2d at 1338. This determination requires consideration of the claimant's exertional and nonexertional impairments, age, education and previous work experience. See id.; 20 C.F.R. § 404.1561 (1982).

---

* The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

It is now established that the medical-vocational guidelines may be used in appropriate cases to determine whether jobs which the claimant can perform are available in the national economy, and consequently to determine whether the claimant is disabled. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1957–58, 76 L.Ed.2d 66 (1983); *McCoy v. Schweiker, supra,* 683 F.2d at 1145–46. In upholding the validity of the rules contained in the guidelines, however, the Supreme Court noted the safeguards built into the regulations themselves: "If an individual's capabilities are not described accurately by a rule, the regulations make clear that the individual's particular limitations must be considered." 103 S.Ct. at 1955 n. 5. The rules in the guidelines are predicated on the claimant's strength or physical exertion capabilities; consequently, if the claimant's impairment is nonexertional, the rules are not controlling and cannot be used to direct a conclusion of disabled or not disabled. *See Nicks v. Schweiker,* 696 F.2d 633, 636 (8th Cir.1983); Appendix 2, § 200.00(e). If, as a result of nonexertional limitations, the claimant's characteristics do not identically match the criteria of a rule in Appendix 2, the Secretary must produce expert vocational testimony to meet her burden of showing that jobs are available in the national economy for a person with the claimant's characteristics. *See O'Leary v. Schweiker, supra,* 710 F.2d at 1339.

In this case the administrative law judge failed to recognize that Haynes' limitations—colon discomfort and recurrent episodes of diarrhea—were nonexertional and therefore not encompassed in the definition of ability to do sedentary work. *See* 20 C.F.R. § 404.1567(a) (1982). Haynes' medical difficulties had nothing to do with physical exertion. Instead her difficulties manifested themselves without regard to her general bodily strength, or her physical capacity to perform exertional tasks, or her ability to fulfill the muscular and strength requirements of jobs. *See* 20 C.F.R. § 1545(b) (1982); Appendix 2 § 200.00(e). Thus the administrative law judge committed error when he relied on the medical-vocational guidelines to determine that Haynes was not disabled. *See* Appendix 2, § 200.00(e)(1). Vocational testimony was required since the guidelines could not be used to direct a determination of not disabled.

Because the regulations pertaining to evaluation of nonexertional impairments were not followed in this case, we do not reach the issue of whether the decision of the Secretary was supported by substantial evidence. We reverse the judgment of the district court and remand to the district court with directions to remand to the Secretary so that benefits may be granted or vocational testimony taken to determine whether the Secretary can meet her burden of showing that work was available for someone with the nonexertional impairments which the administrative law judge has concluded Haynes suffered before the expiration of her eligibility period.