**Annie M. SMITH, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant.**

**Civ. A. No. 84–0729.**

United States District Court, District of Columbia.

Sept. 19, 1984.

David S. Katz, Washington, D.C., for plaintiff.

James N. Owens, Asst. U.S. Atty., Washington, D.C., for defendant.

**MEMORANDUM**

GESELL, District Judge.

Annie M. Smith is a 39-year-old woman with a ninth-grade education who worked

as a janitor and at other unskilled jobs until late 1979 when she stopped work because of worsening back pain. She applied for disability insurance and supplemental security income under the Social Security Act in 1982. Now she seeks to overturn the final decision of the Secretary of Health and Human Services on January 5, 1984 denying her those benefits. The Court has considered the entire administrative record in the case along with the arguments of counsel in their cross-motions for summary judgment.

In such a case, the Court must defer to the findings of the secretary—in this case, the findings of the administrative law judge—unless those findings are not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Reyes v. Sec'y of HEW*, 155 U.S.App.D.C. 154, 476 F.2d 910, 914 (D.C.Cir.1973). Because the Court is convinced after carefully reviewing the record that the decision is not supported by substantial evidence, the secretary's decision is reversed.

Smith applied for benefits on April 6, 1982. She met the earning requirements for disability under Title II of the Act, and her disability had been of greater than a year's duration. The administrative law judge found that she had not engaged in substantial gainful activity since the onset of her alleged disability in November 1979. Based on his finding that she could not tolerate prolonged standing or walking, or more than light lifting and carrying, he also concluded that Smith was incapable of returning to her former work, which was as a janitor and stock clerk.

While the burden of proving disability is on the claimant, once the claimant has shown that her disability prevents her from returning to her former work, the burden shifts to the secretary to show that jobs exist in the economy of which the claimant is capable of performing, considering her disabilities, age, education, experience, and training. *See, e.g., Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir.1981); *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980); *Belton v. Schweiker*, 535 F.Supp. 1319, 1322 (D.D.C.1982). It is clear from the record that the secretary failed to produce substantial evidence either of the existence of specific jobs or of her ability to perform them.

The administrative judge relied on the Medical Vocational Guidelines, known as the grid, *see* 20 C.F.R. Part 404, Subpart P, Appendix 2, to find that jobs existed which Smith could perform. The rules for applying the grid expressly state that the grid is not to be relied on exclusively where a claimant has a combination of exertional and nonexertional limitations. Appendix 2, § 200.00(e)(2). Smith claimed just such a combination of limitations, exertional in the limitations on bending, stooping, lifting and other activity, and nonexertional in the nature of pain, inadequately controlled high blood pressure, numbness down her right side, dizziness, and side effects from the prescription drugs she must take for these conditions.

The administrative judge justified exclusive reliance on the grid by totally discounting Smith's nonexertional limitations. While this was styled as a credibility finding against Smith, it is apparent from the record that even if Smith's testimony were excluded,[1] there lacked substan-

---

1. The administrative judge apparently based this finding of lack of credibility on his observation that Smith remained seated throughout her 80-minute hearing except for a short break to take her pain medication, and that she did not manifest in his opinion severe pain during that time. In doing so, he unfairly ignored the undisputed evidence that her pain, while constant, fluctuates in intensity. In addition, he failed to attach weight to the uncontradicted medical reports submitted by several physicians, the evidence of a two-week hospitalization for traction and a planned future hospitalization, and the fact that she wears a back brace most of the time and takes a variety of prescription pain-killers and other drugs, which themselves have significant side effects. Other courts have sharply disapproved reliance by administrative judges on a "sit and squirm" test for discounting the severity of a claimant's pain when there is corroborating evidence for the pain. *See, e.g., Rivera v. Schweiker*, 717 F.2d 719, 724 (2d Cir.1983); *Aubeuf v. Schweiker*, 649 F.2d 107, 113 (2d Cir. 1981); *Adams v. Heckler*, 580 F.Supp. 315, 321 (N.D.Ind.1984). Moreover, a claimant's testimo-

tial evidence to conclude that her pain, numbness and dizzy spells could be wholly disregarded. Uncontradicted testimony and affidavits from her friends and neighbors corroborated her reports of debilitating back pain radiating down the right leg. In addition, medical reports established, as the judge found, that she had chronic low back strain along with inadequately controlled hypertension and other medically diagnosed problems. The only evidence to the contrary was a conclusory statement from a physician who examined Smith in 1982 that she was capable of light work. This statement, the basis for which was not explained, cannot alone provide substantial evidence supporting a finding contrary to the other evidence in the case. Moreover, there was absolutely no evidence to support the administrative judge's disregard of the testimony concerning the side effects of the pain medication. Finally, the administrative judge's reliance on the lack of objective pathology underlying Smith's pain was clearly improper. Where there is a medically diagnosed basis for pain, the inability of physicians to pinpoint anatomic or other abnormalities underlying the pain does not provide a basis for discounting its severity. *Cf. Gallagher v. Schweiker,* 697 F.2d 82, 84 (2d Cir.1983).

■ Since it was improper to rely exclusively on the grid, the secretary should have produced a vocational expert to testify concerning the availability of specific jobs for someone with Smith's characteristics. *See, e.g., Haynes v. Heckler,* 716 F.2d 483, 485 (8th Cir.1983); *Wilson v. Califano,* 617 F.2d 1050, 1053 (4th Cir.1980). This was not done. Nor were there any specific findings by the administrative judge as to specified jobs the claimant could perform. *See Wilson v. Califano,* 617 F.2d at 1053; *Hall v. Sec'y of HEW,* 602 F.2d 1372, 1377 (9th Cir.1979). Specific findings were all the more imperative here because there was undisputed evidence that Smith cannot drive or use public trans-

portation and that she must rely on friends and relatives for transportation in her occasional trips outside her apartment. In light of this evidence, it was cavalier for the administrative judge to assume without any real inquiry that jobs existed that she could perform.

It is clear in this case that the secretary has wholly failed to come forward with evidence justifying the conclusion that this claimant who cannot perform her prior work can do other work. No good cause has been shown to warrant a remand to allow the secretary a further opportunity to produce evidence, if any, that should have been introduced at the original hearing. Accordingly, the final decision of the secretary is reversed and it is directed that the agency shall pay disability insurance and supplemental security income benefits as of the date for which they were applied, on April 6, 1982.

---

ny about pain is entitled to substantial credibility where, as here, the claimant has a strong work history. *See, e.g., Taybron v. Harris,* 667

F.2d 412, 415 n. 6 (3d Cir.1981); *Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir.1979).