Joan K. DIX, Appellant,

v.

Louis SULLIVAN, Secretary of Health and Human Services, Appellee.

No. 89–1858.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1989.

Decided April 2, 1990.

---

Kevin G. Magee, Dubuque, Iowa, for appellant.

Ana Marie Martel, Cedar Rapids, Iowa, for appellee.

Before WOLLMAN, Circuit Judge, and HEANEY, Senior Circuit Judge, and WEBB,* District Judge.

WOLLMAN, Circuit Judge.

Joan Dix appeals from the decision of the district court affirming the Secretary of Health and Human Services' (Secretary) denial of her claim for Supplemental Security Income (SSI) benefits under 42 U.S.C. § 1382c(a)(3)(A). We reverse and remand.

## I. BACKGROUND

Joan Dix was diagnosed as having Crohn's disease in 1970. Crohn's disease is a chronic, inflammatory disease of the gastrointestinal tract which produces symptoms such as severe abdominal pain, cramping, nausea, fatigue, diarrhea, and insomnia. Crohn's disease also causes fistulas—abnormal passages between two internal organs or an internal organ and the surface of the body. The disease is often accompanied by periods of inactivity as well as a high rate of recurrence after treatment. The severity of Dix's symptoms depends on whether she is having a flare-up, which can last from a day or two to several weeks.

Dix has had surgery five or more times since she was first diagnosed with Crohn's disease. In 1973 she underwent an operation that created an opening in a portion of her small intestine, to which an ileostomy bag was attached.[1] The bag must be changed four to eight times per day. It takes between five and twenty-five minutes to change the bag each time.

Dix did not work between 1970 and 1976. She received SSI benefits from 1975 until 1976, when she returned to work. Between 1976 and 1985, Dix's disease was inactive, and she was able to work regularly. She has a high school diploma, one year of vocational training in the clerical field, and has worked as a bartender.

In May 1986, she applied for SSI benefits, claiming disability beginning in October 15, 1985, because of her Crohn's disease. The Secretary considered her application and denied benefits.

At her hearing before an Administrative Law Judge (ALJ) in June 1987, Dix, who was then 35, testified that between December 1985 and the date of the hearing the longest she had gone without a flare-up was one month. During these flare-ups she has severe abdominal pain and other symptoms, such as constant discomfort from cramps, nausea, difficulty sleeping and diarrhea. During a flare-up she is unable to perform most activities. If her symptoms are not aggravated, she does some housework, gardening or fishing. Dix also testified that during the five months preceding the hearing she had developed four fistulas, which make both walking and sitting painful.

The ALJ determined that Dix was not disabled by Crohn's disease and that she did not meet the durational requirements of 42 U.S.C. § 1382c(a)(3)(A). The ALJ found that "inconsistencies of record indicate that [Dix's] contentions regarding the effects which her Crohn's disease has on her are not credible and must be rejected." The ALJ determined that although Dix is unable to perform her past relevant work as a bartender, she is capable of performing other more sedentary jobs, such as a work order sorting clerk or a parking lot attendant.

After the Appeals Council denied Dix's request for review, she appealed to the district court, which affirmed the denial.

## II. DISCUSSION

On appeal, Dix objects to the ALJ's finding that she was not disabled by Crohn's disease and that she did not meet the dura-

---

* The HONORABLE RODNEY S. WEBB, United States District Judge for the District of North Dakota, sitting by designation.

1. An ileostomy bag is connected to an opening in the abdomen which collects fecal matter directed from the rectum.

tional requirement of 42 U.S.C. § 1382c(a)(3)(A), which provides that to be eligible for SSI benefits, a claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The ALJ must consider the following factors when a claimant asserts subjective complaints of pain in support of a claim for Social Security benefits:

> The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> * * * Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.·

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted).

After applying *Polaski*, the ALJ gave the following reasons for denying Dix benefits: 1) no physician had indicated that Dix is unable to work; 2) her condition is under fairly good control and problems are relieved by medication; 3) she greatly exaggerated her problems at the hearing when she stated she had constant diarrhea and had not been free of a flare-up for more than one month; and 4) although her Crohn's disease was inactive, she did not work in 1977, 1978, 1982, 1983, or 1984, a fact that did not add to her credibility.

We review the ALJ's denial of benefits by determining whether there is substantial evidence on the record as a whole to support the ALJ's decision. *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir.1989);

*see also* 42 U.S.C. § 405(g) (factual findings of the Secretary shall be conclusive if supported by substantial evidence).

Dix was seen by several physicians as a patient in the Gastroenterology Clinic (GI Clinic) at the University of Iowa. On May 19, 1986, Dix was seen and diagnosed with "pelvic fluid accumulation" and "active Crohn's," and the attending physician noted that in "December 1985 she developed sharp stabbing pain around the stoma site." About a month later, a physician noted that Dix "had an episode lasting 2–3 days of lower abdominal cramps and diarrhea (7–8 bags per day)." In August 1986, Dr. Joseph Karacic noted:

> [Dix] was doing well until December 1985 when she noted increasing abdominal pain. She was then seen by Dr. Maslanka of the GI Service in March. At that time a retrograde enema through her ileostomy revealed a stricture of roughly 6–7 cm from the ileostomy and active Crohn's disease within 10 cm of the ileostomy. * * * An ileoscopy was done showing active Crohn's disease up to roughly 10–12 cm from the ileostomy opening.

Dr. Karacic further stated:

> Currently, she complains of worsening crampy abdominal pain. The crampy abdominal pain is periumbilical in location, crampy throughout the day, non-radiating, occasionally associated with nausea and vomiting, and improved when the patient does not eat. The patient also notes diffuse abdominal bloating and a pressure like sensation that is worse with meals, improved with diarrhea and also improved when she does not eat.

*Id.* Dr. Karacic continued that Dix's "worsening abdominal pain could be due to an exacerbation of her Crohn's disease." *Id.* In a letter dated September 9, 1986, Dr. Karacic stated that Dix "most likely has active Crohn's disease in the distal terminal ileum. Currently the patient is not relieved on her Prednisone dose."

In a June 25, 1987, letter, Dr. Karacic stated: "I have been following Ms. Dix for the past year. On numerous clinic visits,

**138**

she has complained of abdominal pain and cramping. At times this pain can be quite severe." Although these letters also make references to the occasions in which her symptoms subside, we find they lend support to her claim that she was suffering from the painful symptoms of active Crohn's disease.

The record establishes that: 1) the reports of Dix's treating physicians do not indicate any periods since December 1985 when her disease was not active; 2) although medication may improve her condition, her symptoms do not disappear; and 3) several reports refer to her diarrhea and other symptoms.

Since her Crohn's disease became active in 1985, Dix has suffered from frequent flare-ups, and although she is sometimes without symptoms, she is not capable of working on a regular basis. "A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time." *Singletary v. Bowen,* 798 F.2d 818, 822 (5th Cir.1986) (emphasis in original); *see also Totten v. Califano,* 624 F.2d 10, 12 (4th Cir.1980) (claimant's incapacitation for periods of three days during every two weeks with medical impairments and effects expected to last at least twelve months not insufficient to establish a continuous period of disability). A condition that does not allow a person to work on a regular basis precludes substantial gainful activity. *Broadbent v. Harris,* 698 F.2d 407, 413 (10th Cir.1983). Although Dix can occasionally go fishing or engage in some light activities, "sporadic or transitory activity does not disprove disability." *See Smith v. Califano,* 637 F.2d 968, 971–92 (3rd Cir.1981). The record establishes that although Dix receives occasional reprieves from her pain and symptoms, she is not capable of holding a job for a significant period of time.

We also find that the ALJ erroneously found that Dix did not work in 1977, 1978, 1982, 1983 and 1984. Dix's testimony at the hearing and a work background report to the Social Security Administration indicate that for much of the time in question she was employed full-time as a bartender.

We address two additional points in the district court's opinion. The district court noted that Dix's physician, Joseph Eisenach, M.D., stated in a July 27, 1987, letter that the "Crohn's disease and complications of Crohn's disease are in themselves not reasons for plaintiff to be considered [totally] disabled."[2] We note, however, that in that July 27, 1987, letter, Dr. Eisenach further stated:

[T]he course of Ms. Dix's disease has been one of frequent exacerbations. It can be expected, then, that frequently she will have periods of illness during which time she becomes excessively fatigued and has constitutional symptoms such as abdominal pain and fever which would not allow her to carry a full-time job.

We find that Dr. Eisenach's letter is not inconsistent with Dix's testimony of symptoms.

We conclude that since December 1985, Dix's active Crohn's disease has regularly caused severe pain, nausea, fatigue, diarrhea, and other symptoms which we find disabling under 42 § 1382c(a)(3)(A). We therefore reverse the order of the district court, and remand for award of benefits.

**2.** In the district court opinion, the word "totally" which appeared in Dr. Eisenach's letter was omitted.