56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Loftis L. HOUSTON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-7059.
(D.C. No. CV-91-191-S)
 United States Court of Appeals,
Tenth Circuit.
 May 31, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,*** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Loftis L. Houston (claimant) appeals the district court's decision upholding the Secretary's termination of disability benefits. See generally 20 C.F.R. 404.1594. In 1983, the Secretary awarded claimant benefits after determining that he was disabled, as a result of Crohn's disease and back problems, because he met the medical listing of impairments, see generally 20 C.F.R., Pt. 404, Subpt. P, App. 1. Crohn's disease is a chronic inflammatory disease of the gastrointestinal tract that produces symptoms such as severe abdominal pain, cramping, nausea, fatigue, diarrhea, and insomnia. Dix v. Sullivan, 900 F.2d 135, 136 (8th Cir.1990); see also Stedman's Medical Dictionary 446, 516 (25th ed.1990). The record indicated that, as a result of that condition, claimant, at that time, had lost sixty pounds in a ten-month period. In addition, the administrative law judge (ALJ) found that a "[b]ack examination revealed positive straight leg raising. Lumbosacral spine X-rays revealed narrowing between the L5 and S1 and 10 percent compression fracture of L5. The consultative physician diagnosed possible ruptured disc at L5-S1 [and] 10 percent compression fracture of L5." II Appellant's App. at 117.
 
 
 4
 In 1992, however, following a hearing addressing claimant's continued disability, the ALJ determined that by November 1989, claimant's medical condition had improved and that, although he was still unable to return to his past relevant work as a mechanic, he had regained the ability to perform other substantial gainful activity. Specifically, the ALJ, relying upon both the testimony of a vocational expert (VE) and the application of the medical-vocational guidelines (grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, determined that claimant had regained the residual functional capacity (RFC) to perform sedentary work existing in significant numbers in the national economy. The Appeals Council denied review, making the ALJ's determination the Secretary's final decision.
 
 
 5
 Claimant appeals from the district court's decision upholding the Secretary's determination, arguing 1) substantial evidence in the record does not support the Secretary's termination of benefits; 2) the Secretary erroneously relied upon the vocational expert's testimony elicited by an improper hypothetical question; and 3) the Secretary erred in relying upon the grids to terminate benefits. This court will review the Secretary's termination of benefits to determine whether substantial evidence supported the decision and whether the Secretary applied correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir.1994). "We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met." Id. (quotation omitted). Upon consideration of the record and the parties' arguments on appeal, we reverse and remand this cause for further proceedings.
 
 
 6
 In order to terminate benefits, the Secretary must prove, see id. at 987, that the claimant's medical condition has improved, that the improvement is related to a claimant's ability to work, and that the claimant is currently able to engage in substantial gainful activity. 20 C.F.R. 404.1594(a). The ALJ determined that claimant's condition had improved because it no longer met any medical listing. See 20 C.F.R. 404.1594(c)(3)(i); see also Glenn, 21 F.3d at 985-87 (medical improvement found where, among other reasons, claimant no longer met applicable medical listing). The record contains substantial evidence to support that determination.[3] Although claimant asserts that his medical condition has not improved, he does not specifically argue that he continues to meet any medical listing.
 
 
 7
 Further, the improvement in claimant's medical condition is related to his ability to do work-related activities. See 20 C.F.R. 404.1594(c)(3)(i)("If there has been medical improvement to the degree that the requirement of the listing section is no longer met or equaled, then the medical improvement is related to your ability to work."). The question presented for our consideration by this appeal, therefore, is whether the record contains substantial evidence to support the ALJ's determination that, by November 1989, claimant possessed the ability to do substantial gainful activity.
 
 
 8
 In determining that claimant did possess the ability to perform substantial gainful activity by November 1989, the ALJ relied upon both the VE's testimony and the grids. Application of the grids is appropriate only if the claimant is capable of performing a full range of work required at a particular exertional level on a daily basis and if the claimant possesses the physical capacity to perform most of the jobs falling within that category. Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir.1993). Where a claimant's exertional capacity is further restricted by nonexertional limitations, however, reliance upon the grids is misplaced. See id.
 
 
 9
 Claimant suffers from chronic diarrhea as a symptom of his Crohn's disease. Diarrhea is a nonexertional impairment. See Haynes v. Heckler, 716 F.2d 483, 485 (8th Cir.1983)(colon discomfort and recurrent episodes of diarrhea are nonexertional impairments); Bulpett v. Heckler, 617 F.Supp. 850, 857 (D. Mass.1985)(loss of control over bowel movements and chronic diarrhea resulting from Crohn's disease are nonexertional impairments). Claimant testified that he experienced three to five bowel movements each day and that these events did not provide much warning of their occurrence. Although, as the ALJ recognized, claimant, in May 1989, complained only of intermittent passing of mucous, with no "frank diarrhea," see II Appellant's App. at 212, the medical records both before and after that date make reference to intermittent diarrhea. See Dix, 900 F.2d at 136 (Crohn's disease "is often accompanied by periods of inactivity as well as a high rate of recurrence after treatment").
 
 
 10
 While the mere existence of a nonexertional impairment will not preclude reliance on the grids, application of the grids is not appropriate if the nonexertional impairment interferes with a claimant's ability to do work-related activities. See Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir.1993). In assessing "the record to determine whether the Secretary presented substantial evidence demonstrating that, notwithstanding [claimant's] physical impairments and alleged [diarrhea, claimant] could perform the full range of sedentary work and would qualify for most of the jobs falling within that RFC category," Ragland 992 F.2d at 1058, we must conclude that the Secretary failed to do so. See Dix, 900 F.2d at 138 (although claimant, suffering from Crohn's disease, experienced periods of time during which she was without symptoms, appellate court held that she remained unable to work regularly, in light of medical reports that failed to indicate any periods of time when disease was not active; referred to diarrhea and other symptoms; and indicated that her symptoms improved, but were never eliminated, by medication). Therefore, the ALJ's reliance upon the grids to terminate benefits was inappropriate. See, e.g., Haynes, 716 F.2d at 485.
 
 
 11
 "Without the grids, the ALJ must resort to testimony from a vocational expert to establish that a significant number of jobs exist in the national economy which the claimant can perform." Trimiar v. Sullivan, 966 F.2d 1326, 1333 (10th Cir.1992). In deciding to terminate benefits in this case, the ALJ also relied upon the VE's affirmative response to the following question:
 
 
 12
 Assuming that I should find that based on the medical evidence, as well as the testimony of the claimant, that in November of 1989, that Mr. Houston would have been able to perform sedentary work as defined in the regulations. Are there sedentary jobs that Mr. Houston would have been able to perform based on his age, education, and past work experience?
 
 
 13
 II Appellant's App at 296. This question, however, failed to elicit any information beyond that provided by the grids. See Thompson, 987 F.2d at 1487 ("The grids contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience."); see also Trimiar, 966 F.2d at 1332; see generally Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988)("grids obviate need for [VE] testimony by setting forth rules that identify whether jobs requiring specific combinations of the four factors identified by Congress--RFC, age, education, and work experience--exist in the national economy.") (citing Heckler v. Campbell, 461 U.S. 458, 461-62 (1983)). Because we have already determined that the ALJ's reliance upon the grids was error and because the hypothetical eliciting the VE's testimony only restated the information provided by the grids, the Secretary failed to provide substantial evidence supporting the termination of benefits. We, therefore, must remand this cause to the district court to remand to the Secretary for further proceedings.
 
 
 14
 In light of that remand, we address several other issues raised by claimant on appeal. First, claimant asserts that the ALJ erred in relying upon the grids to terminate benefits because his exertional capacity was further limited by his pain. An analysis of pain requires a three-part determination: 1) whether claimant has established, by objective medical evidence, a pain-producing impairment; 2) if so, whether there is a "loose nexus" between that impairment and claimant's subjective complaints of pain; and 3) if so, whether, considering all of the evidence, claimant's pain is disabling. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir.1994)(citing, e.g., Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir.1987)). The ALJ, however, addressed claimant's complaints of pain in a perfunctory manner:
 
 
 15
 After giving due consideration to credibility, motivation, and the medical evidence, and evaluating the allegations of continuing disabling impairments and pain under the guidelines of Social Security Ruling 88-13 [addressing evaluation of pain] and Luna ..., the [ALJ] finds that the evidence as a whole establishes that in and after November, 1989, claimant has had the residual functional capacity to perform sedentary work.
 
 
 16
 II Appellant's App. at 262.
 
 
 17
 The record establishes that claimant suffered from two conditions expected to cause pain, Crohn's disease and back problems, and that there was a "loose nexus" between the pain expected to result from those conditions and the pain of which claimant complained. The ALJ was, therefore, required to determine, in light of all the evidence, both objective and subjective, whether claimant's pain was in fact disabling. Glass, 43 F.3d at 1395. The ALJ's conclusory pain analysis, however, was insufficient to satisfy this analytical requirement. See Huston v. Bowen, 838 F.2d 1125, 1130-33 (10th Cir.1988); see also Reese v. Sullivan, 925 F.2d 1395, 1397-98 (11th Cir.1991)(addressing fee application after reversal of denial of benefits); Douthit v. Bowen, 821 F.2d 508, 509-10 (8th Cir.1987); see generally Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir.1988)("[I]t is well-settled that administrative agencies must give reasons for their decisions."). On remand, the Secretary should fully evaluate claimant's complaints of pain.
 
 
 18
 On appeal, claimant also asserts that the ALJ erred in disregarding the opinion of claimant's treating physician and in giving greater weight to the opinion of a consulting physician over that of the treating physician, and deprived claimant of due process by improperly considering the consulting physician's post-hearing report. The Secretary asserts that claimant has raised these issues for the first time in this appeal. Appellee's Br. at 16-17. Claimant has failed to assert where in the record below he raised, and the district court ruled upon, these issues. See 10th Cir. R. 28.2(c)(requiring appellant to include in his brief "a statement as to where in the record the issue was raised and ruled upon"). "Absent compelling reasons" that are not present here, "we do not consider arguments that were not presented to the district court." Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994).
 
 
 19
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and this case is REMANDED to the district court with instructions to REMAND to the Secretary for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 ***
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [3]
 We note that the record does not contain any evidence indicating that claimant's back problems had improved since the disability determination. Nonetheless, because, in deciding whether to terminate benefits, a claimant's impairments are considered together, the fact that claimant's Crohn's disease has improved provides the necessary medical improvement. See 42 U.S.C. 423(f)(providing for termination of benefits if, among other things, there has been any medical improvement in the individual's impairment or combination of impairments)