# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3128

_____

|  |  |  |
|---|---|---|
| Derek N. Popp, | * | |
|  | * | |
| Appellant, | * | |
|  | * | Appeal from the United States |
| v. | * | District Court for the District |
|  | * | of South Dakota. |
| Jo Anne B. Barnhart, Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
|  | * | |
| Appellee. | * | |

_____

Submitted:  May 16, 2003

Filed:    May 22, 2003

_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

Derek N. Popp suffers from Klinefelter's Syndrome, a condition causing variant sexual characteristics due to extra chromosomes. As a teenager, Popp had a double mastectomy and was treated for self-mutilation. He has undergone drug and alcohol treatment. Popp suffers from bipolar disorder, schizoaffective disorder, status post discectomy and fusion, and personality disorder. He graduated from college with a degree in psychology and sociology, and began working toward a graduate degree, but was asked to leave the program for inappropriate and unethical behavior. Popp has held many different jobs, but for short periods of time.

Popp applied for social security disability benefits and supplemental security income alleging he has been disabled since August 21, 1997. An administrative law judge (ALJ) found that although Popp suffers impairments, he is not disabled. Finding substantial evidence supported the ALJ's decision to deny benefits, the district court[*] affirmed. Popp appeals. We must affirm the ALJ's decision if it is supported by substantial evidence on the record as a whole. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

To qualify for disability insurance benefits, a claimant must show he is disabled. Id. To make this showing, the claimant must establish a medically determinable physical or mental impairment that has lasted or can be expected to last at least twelve months, an inability to engage in any substantial gainful activity, and that the inability results from the impairment. Id. The Commissioner analyzes a disability claim in five steps: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform past relevant work; and (5) if not, whether the Commissioner has proven there are other jobs in the national economy that the claimant can perform. Id.

Here, the ALJ found that although Popp could not return to his past relevant work, he could perform other jobs existing in significant numbers in the national economy. Substantial evidence supports this finding. After reviewing Popp's records and hearing his testimony, a vocational expert testified there were jobs in the regional or national economy for a person with the parameters found by the ALJ,

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

including skill level, exertional level, strength requirements, and social limitations resulting from Popp's mental impairments.

Popp argues the ALJ did not pose a proper hypothetical question to the vocational expert. According to Popp, his history of being unable to maintain employment should have been considered. A claimant may be unable to engage in substantial gainful activity when he can find employment and physically perform certain jobs, but cannot hold the job for a significant period of time. Gatliff v. Commissioner, 172 F.3d 690, 693-94 (9th Cir. 1999) (citing cases from all circuits); Dix v. Sullivan, 900 F.2d 135, 138 (8th Cir. 1990); Parsons v. Heckler, 739 F.2d 1334, 1340-41 (8th Cir. 1984); Tennant v. Schweiker, 682 F.2d 707, 710-11 (8th Cir. 1982). Because jobs lasting less than three months do not constitute substantial gainful activity for the purposes of work history under the social security regulations, courts hold the same is true regarding prospective employment. Gatliff, 172 F.3d at 694. Thus, we have awarded benefits when physical or mental impairments prevented claimants from sustaining employment. Dix, 900 F.2d at 138; Parsons, 739 F.2d at 1340-41; Tennant, 682 F.2d at 710-11. In this case, however, the ALJ found Popp's failure to maintain employment was the result of circumstances unrelated to his impairments including a car accident, the end of a work release program, and voluntary resignation.

Substantial evidence on the record as a whole supports the ALJ's finding that Popp could perform work other than his past relevant jobs, and thus Popp is not entitled to disability benefits. Accordingly, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-