**Stroun A. FLOWERS, Jr.,**
**Plaintiff-Appellant,**

v.

**U.S. DEPARTMENT OF HEALTH &**
**HUMAN SERVICES,**
**Defendant-Appellee.**

No. 89-1413.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1989.

Decided May 29, 1990.

---

Charles H. Cuthbert, Jr. (argued), Cuthbert Law Offices, Petersburg, Va., for plaintiff-appellant.

Lawrence John Harder (argued), Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Asst. Litigation Div., Deborah Fitzgerald, Asst. Regional Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Henry E. Hudson, U.S. Atty., G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for defendant-appellee.

Before WIDENER and PHILLIPS, Circuit Judges, and FOX, District Judge for the Eastern District of North Carolina, sitting by designation.

WIDENER, Circuit Judge:

Stroun Flowers appeals from an order of the district court affirming denial of his claims for Supplemental Security Income. The Administrative Law Judge (ALJ) determined that Flowers was not disabled within the meaning of the Social Security Act. This became the Secretary's final decision which was appealed and the case referred to a magistrate. The magistrate found substantial evidence to support the Secretary's decision and granted the defendant's motion for summary judgment. The district court found that the ALJ's decision was supported by substantial evidence and adopted the magistrate's opinion as the memorandum of the court. On appeal, our standard of review is whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). We are of opinion that the

record requires a finding that Flowers is disabled within the meaning of the Social Security Act. As a result, we hold that the Secretary's findings are not supported by substantial evidence. We vacate the decision of the district court and remand the case to the district court for further remand to the Secretary to award Flowers appropriate benefits.

■ Flowers was born August 4, 1944, and completed the seventh grade in school. From 1970 to 1971 he worked as a flag man for a construction company. He worked the next seven years at a sawmill as a timberjack driver.[1] He has not worked since July 15, 1978.

Flowers alleges that he is disabled due to seizures and a hip problem and that his condition meets the requirements of Listing 12.05 C.[2] Flowers has a Verbal IQ score of 72, a Performance IQ score of 66, and a Full Scale score of 68. The Secretary now concedes that Flowers met the first requirement of the listing; that is, the IQ scores are within the requirements of § 12.05 C. The ALJ, however, found that the evidence did not support a finding that Flowers met the second part of the listing, a "significant work related limitation of function." Accordingly, the narrow question before us is whether there is substantial evidence to support the decision that Flowers did not meet the second part of the listing.

The ALJ made a factual finding that Flowers has intermittent seizures, but went on to find that Flowers' complaints of chronic seizures were neither "credible nor corroborated by medical evidence." The ALJ concluded by finding that "[t]he claimant's impairments do not prevent him from performing his past relevant work."

These findings of the ALJ are not supported by substantial evidence and are simply incorrect.

While the only detailed report of a physician in the record is that of Dr. Vaughn, who treated Flowers for a hip injury following an automobile wreck, Dr. Vaughn did recognize that Flowers had what Dr. Vaughn described as a "seizure disorder." Not only that, there is credible evidence in the record to indicate that Flowers had been taking, on the prescription of a physician, the drugs Dilantin and Phenobarbital for some time. Both of those drugs are, of course, used to control seizures and, indeed, a report from Petersburg Hospital indicates in its summary, apparently on discharge by Dr. O'Brien, that Flowers should take his Dilantin and rest. A disability determination conducted at the instance of the Secretary by a state agency and dated October 30, 1986, and signed by Dr. J.P. Jones came to the following conclusion:

> You said that you are unable to work because of seizures and a hip problem. The medical evidence shows that you were involved in an automobile accident on 2/86. You were treated for left hip strain. Your condition responded well to treatment. Although you may have a seizure disorder, with proper medical attention your seizures may be better controlled. It is suggested you avoid jobs which require exposure to unprotected heights, moving machinery or driving motor vehicles. *While we realize that your condition prevents you from doing any of your past jobs*, but it does not prevent you from doing many types of other work at all levels of activity.

(Italics added.)

The same report signed by Dr. Jones described Flowers' limitations as "[d]ue to possible seizure disorder, limited in work involving exposure to unprotected heights, moving machinery and driving motor vehicles." Another disability determination

---

1. We are told by counsel that this job involved driving a large tractor.

2. *Mental Retardation and Autism....* The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
   ....

C. A valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function....
20 C.F.R. Part 404, Subpt. P., App. 1 § 12.05.

signed by Dr. Rusher and dated December 10, 1986, came to similar conclusions.

It is suggested that you avoid unprotected heights, moving machinery, and operation of motor vehicles. *We realize that your condition prevents you from doing your job as a timberjack driver,* but it does not prevent you from doing jobs that do not require you to be exposed to unprotected heights, moving machinery, and the operation of motor vehicles.

(Italics added.)

Thus, not only is Flowers' claim of seizures corroborated by the medical evidence in the record, there is no substantial medical evidence in the record to contradict his claim. Further, there is no evidence in the record except that which indicates that Flowers can no longer do his job as a timberjack driver, his past relevant work.

In this circuit, we follow the rule that if a claimant cannot return to his past relevant work, he has established a work-related limitation of function which meets the requirements of § 12.05(C). *Branham v. Heckler,* 775 F.2d 1271, 1273 (4th Cir. 1985). The evidence in the record indicates that Flowers cannot return to his past relevant work and, therefore, he has met the requirements of § 12.05(c).

Thus, the ALJ's findings are not supported by substantial evidence, and the Secretary's decision cannot stand.

Accordingly, the judgment of the district court is vacated and the case remanded to the district court for further remand to the Secretary for the award of benefits to Flowers.

VACATED AND REMANDED.[3]

---

**3.** Because we have decided in favor of Flowers, we need not consider the report of the vocational and rehabilitation experts to the effect that Flowers was disabled even "in light or sedentary occupational settings."