No. 96-2466

Donald Sird,                              *
                                          *
          Plaintiff-Appellant,            *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   Southern District of Iowa.
Shirley S. Chater, Commissioner           *
of Social Security Administra-            *
tion,                                     *
                                          *
          Defendant-Appellee.             *


                    Submitted:  December 13, 1996

                      Filed:  January 27, 1997


Before BOWMAN and LAY, Circuit Judges, and STROM,[1] District Judge.


LAY, Circuit Judge.


     Donald Sird seeks supplemental security income (SSI) benefits based
on disability under Title XVI of the Social Security Act, 42 U.S.C. § 1381
et seq.  On January 27, 1995, following an administrative hearing, an
Administrative Law Judge (ALJ) found that Sird was not entitled to any
benefits.  The Appeals Council  denied review and on review to the district
court, the ALJ decision was upheld.[2]  We reverse and vacate the judgment;
we remand to the

_____

     [1]The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska, sitting by designation.

     [2]Sird filed his original application for SSI benefits on
September 27, 1991, alleging disability since 1990.  The ALJ denied
benefits, and the Appeals Council reversed and remanded.  The ALJ
again denied benefits, and the Appeals Council again reversed.  The
ALJ denied benefits a third time.  The Appeals Council denied
review in August 1995.  In May 1996, the district court affirmed
the ALJ decision, almost five years after Sird's initial request.
It is this ruling Sird appeals.

Secretary for the purpose of awarding benefits.

Sird has an IQ score falling within the range listed in 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(c) (hereinafter § 12.05(c)). This section provides that an individual meets the required level of severity for disability based on mental retardation if the individual has "[a] valid verbal, performance, or fullscale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." § 12.05(c) (our emphasis).

The ALJ, however, found that while Sird may meet the first prong of § 12.05(c), he did not have "a physical or other mental impairment imposing additional and significant work-related limitation of function." ALJ Decision, dated Jan. 27, 1995, at 7 (quoting § 12.05(c)). Relying on a vocational expert's opinion that Sird could perform light or sedentary work available in the community, the ALJ denied Sird benefits.

The issue here, therefore, rests upon whether Sird has a physical or mental impairment, besides his conceded mental impairment, which imposes a "significant work-related limitation of function." If so, he qualifies as disabled under § 12.05(c), and the inquiry ends.

Besides borderline intellectual capacity, the ALJ found Sird suffered from a history of alcoholism, a history of chronic obstructive pulmonary disease, and a history of urinary tract infection. ALJ Decision at 15. The ALJ then found that the combination of these impairments restricts Sird as follows:

> He must avoid extremes of hot and cold conditions. He must
> avoid moving machinery, more than moderate levels of

dust, fumes, and smoke. He should perform no work that requires clear oral communication. He is able to do only simple, routine, repetitive work with no written material or math computation. His work should not require constant, very close attention to detail or use of independent judgment for decisionmaking. He should have no more than occasional contact with the public and needs occasional supervision. He is able to work at no more than a regular pace.

Id. at 16.

This finding necessarily incorporates a determination that Sird's ability to work has been additionally impaired in the period since he performed past relevant work. A vocational expert testified Sird's past relevant work included work as a forklift driver, a box marker, a construction worker, and a truck-driver helper. Id. at 14. Since these jobs are obviously more strenuous than the "light" and "sedentary" work the vocational expert testified Sird could perform, the ALJ concluded Sird could not perform his past relevant work.[3] In our opinion, this finding cannot be squared with the later finding that Sird does not have an impairment significantly limiting his ability to work that is unrelated to his IQ.

Neither party presented evidence that Sird's mental impairments have deteriorated since performing his past relevant

---

[3]The Dictionary of Occupational Titles (DOT) classifies jobs in part with a physical demands rating. The rating system assigns a rating of "sedentary," "light," "medium," "heavy," or "very heavy" to each job the DOT lists. While the vocational expert testified Sird could perform only jobs in the "light" or "sedentary" category, his past jobs are assigned significantly higher physical demands ratings. According to the DOT, the jobs of forklift driver (921.683-050) and box marker (652.685-018) require "medium" physical demands, while truck-driver helper (905.687-010) is assigned a rating of "heavy", and construction worker (869.687-026) is assigned a rating of "very heavy."

work.[4]  Therefore, it is a reasonable assumption that the ALJ's opinion limiting Sird to light or sedentary work, as opposed to the heavier work he was performing before, is related not to his mental impairment, but to the physical impairments pointed out above.

The issue thus boils down to whether these limitations are sufficiently significant to find that Sird qualifies for benefits under § 12.05(c).  The ALJ found that Sird could perform some light or sedentary jobs.  On this basis, the ALJ denied benefits because Sird was not prevented from performing all gainful activity.  We respectfully submit this analysis is circuitous.  The issue is not whether the claimant can perform gainful activity; rather, it is whether he has a physical impairment, other than his conceded mental impairment, which provides significant work-related limited function--in other words, whether the second prong of § 12.05(c) is met.

Our court originally reviewed this issue in Cook v. Bowen, 797 F.2d 687 (8th Cir. 1986).  There, we held that the second prong of § 12.05(c) is met when the claimant has a physical or additional mental impairment that has a "more than slight or minimal" effect on his ability to perform work.  Id. at 690.[5]  In Warren v.

_____

[4]The Secretary's regulations "expressly define mental retardation as denoting 'a lifelong condition.'"  Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985) (quoting 20 C.F.R., pt. 404, subpt. P, app. 1 § 12.00(B)(4)).  "[I]n the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ [has] remained relatively constant."  Luckey v. Dept. of Health & Human Serv., 890 F.2d 666, 668 (4th Cir. 1989) (per curiam).

[5]Other circuits have approached the issue along the same lines.  See, e.g., Nieves v. Secretary of Health & Human Serv., 775 F.2d 12, 14 (1st Cir. 1985) ("An impairment imposes significant limitations when its effect on a claimant's ability to perform basic work activities is more than slight or minimal."); Edwards v. Heckler, 755 F.2d 1513, 1515 (11th Cir. 1985) ("That 'significant' involves something more than 'minimal' but less than 'severe' follows from the regulations.")

-4-

<u>Shalala</u>, 29 F.3d 1287 (8th Cir. 1994), we reaffirmed that test, relying in part on a Fourth Circuit opinion which held that to be "significant" the functional limitation under § 12.05(c) "need not be disabling in and of itself." <u>Branham v. Heckler</u>, 775 F.2d 1271, 1273 (4th Cir. 1985). As the <u>Branham</u> court reasoned, "If the plaintiff's physical impairment were required to be independently disabling, section 12.05(c) would be rendered meaningless. Therefore, something less than a preclusion from any substantial gainful employment must apply."[6] <u>Id.</u>

The <u>Branham</u> court went on to hold that if a claimant cannot perform his past relevant work, he "experiences a significant work

---

[6]With all due respect to Judge Bowman's dissent, the issue cannot be one of whether the petitioner can perform substantial gainful activity; the effect of this investigative focus is to empty § 12.05 of meaning. What the dissent overlooks is that the purpose of § 12.05(c) is to compensate a claimant with an IQ in the 60-70 range and a limitation of function that affects his work. Our relevant inquiry under § 12.05(c) is whether, in addition to Sird's conceded mental impairment, he has a <u>work-related</u> impairment of function. Under the findings of the ALJ, there can be little or no question that one exists: he can no longer do his past relevant "heavy" work, but instead is relegated to "light" or "sedentary" work. The dissent's failure to recognize this limitation as one that is "more than slight or minimal" is not in accordance with the cases of this circuit or any other.

Judge Bowman relies upon 20 C.F.R. § 416.905(a), which states that to meet the definition of disability, a claimant must have a "severe impairment, which makes [him] unable to do [his] previous work or <u>any other substantial gainful activity</u> which exists in the national economy." (Judge Bowman's emphasis). This language is not relevant to a determination of disability under 12.05(c). If the defendant has, as in this case, a conceded mental impairment, and in addition has a significant work-related physical impairment of function, then whether the claimant can perform other gainful activity is not relevant. As the First Circuit noted, "[I]f the claimant meets a listed impairment [under, e.g., § 12.05(c)], the Secretary is required to find a claimant disabled and <u>not consider whether he or she could perform other work</u>." <u>Nieves</u>, 775 F.2d at 13 (emphasis added); <u>see also</u> 20 C.F.R. § 404.1520(d) ("If you have an impairment(s) which . . . is listed in appendix 1 . . . , we will find you disabled <u>without considering your age, education, and work experience</u>.") (emphasis added).

-5-

related limitation of function" and meets the second prong of § 12.05(c). Id.  We think this conclusion is ineluctable.[7]

The Secretary urges that the Fourth Circuit ruling establishes a per se rule and that a better practice would be to interpret § 12.05(c) under the Eighth Circuit's "more than slight or minimal" test.  In this case, we are not convinced these two tests are different in their application.  In both Branham and the present case, the claimants' physical impairments prevent  them from carrying on past relevant work.  Sird's past relevant work required a full range of functions, while his current physical limitations relegate him to light or sedentary work.  It requires little scrutiny to say this scenario constitutes a work-related limiting function that is more than slight or minimal.  In the present case, under either test, the claimant is entitled to benefits.

Judgment vacated; the cause is remanded to the Secretary with directions to award the claimant benefits.

BOWMAN, J., dissenting.

I respectfully dissent.

The regulations promulgated under Title XVI of the Social Security Act set out a sequential analysis for evaluating a claimant's alleged disability for the purposes of awarding Supplemental Security Income (SSI) benefits.  The administrative law judge (ALJ) follows this analysis when reviewing the Commissioner of Social Security's decision to grant or deny

---

[7]The Fourth Circuit has followed Branham in subsequent cases. See Flowers v. Department of Health & Human Serv., 904 F.2d 211 (4th Cir. 1990); Luckey v. Department of Health & Human Serv., 890 F.2d 666 (4th Cir. 1989).  The Secretary has filed an acquiescence to these holdings but has limited it to cases arising in the Fourth Circuit.  AR 93-1(4).

benefits. First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b) (1996). If so, the claimant is not disabled. If not, and it is undisputed here that Sird is not working, then the ALJ advances to the next step and decides if the impairment alleged by the claimant is severe, that is, whether it "significantly limits [his] physical or mental ability to do basic work activities." Id. § 416.920(c). If it is not severe (or does not meet the durational requirements), the applicant is not disabled. See id. An impairment is disabling within the meaning of the regulations if it meets or equals an impairment "listed in appendix 1." Id. § 416.920(d).

The ALJ held that Sird does not have a listed impairment, but the Court rejects that conclusion and holds that Sird has the impairment described in § 12.05C of 20 C.F.R., Part 404, Subpart P, Appendix 1 (1996). Under § 12.05C, a claimant's disability is sufficiently severe to warrant the award of benefits if (1) his IQ score is in the range of 60 through 70 and (2) he has "a physical or other mental impairment imposing additional and significant work-related limitation of function." The Commissioner has conceded that Sird's IQ falls within the applicable range, and the Court now concludes that Sird has the requisite additional limitation. I disagree.

Because the ALJ found in his review that Sird has no listed impairment, he completed the sequential analysis for SSI disability. The ALJ determined that Sird did not have a listed impairment but that he nevertheless could not do his past relevant work. See 20 C.F.R. § 416.920(e) (1996). That did not end the inquiry, however. The ALJ went on to conclude that Sird retained "residual functional capacity" and, considering all pertinent factors (including a vocational expert's opinion), the ALJ determined that Sird was able to "do other work" despite his impairment, and thus was not disabled. Id. § 416.920(f)(1). It is upon this finding that the Court seizes to reverse the decision not

to award SSI benefits to Sird.

Relying on the Fourth Circuit's opinion in Branham v. Heckler, 775 F.2d 1271 (4th Cir. 1985), the Court uses the ALJ's finding that Sird retained some ability to work (which in fact led to a conclusion of no disability) in order to bootstrap an "additional and significant work-related limitation of function" within the meaning of § 12.05C. This seems to me counterintuitive--to rely on the evidence supporting a decision that Sird is not disabled to support the Court's holding that he is. I reject the per se effect the Court wishes to give a conclusion by the ALJ--which will be reached only if the ALJ decides the claimant has no listed impairment in the first place--that the claimant's inability to perform his past relevant work but his retention of the capacity to perform other work (together with the necessary mental impairment) will qualify him to receive SSI benefits.

"The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 20 C.F.R. § 416.905(a) (1996). "To meet this definition, [a claimant] must have a severe impairment, which makes [him] unable to do [his] previous work or any other substantial gainful activity which exists in the national economy." Id. (emphasis added). This provision closely tracks the language of the governing statute. See 42 U.S.C. § 1382c(a)(3)(A)-(B) (1994). It is my position, and the statute and the regulations in plain language so state, that a person who can perform substantial gainful activity, regardless of a mental impairment that does not by itself qualify the claimant for SSI benefits, is not disabled within the meaning of the Social Security Act and its regulations.

I do not believe my view is at odds with the law of this Circuit. We have defined an impairment that imposes a "significant limitation" within the meaning of § 12.05C as one whose "effect on

a claimant's ability to perform basic work is more than slight or minimal." Cook v. Bowen, 797 F.2d 687, 690 (8th Cir. 1986). Of course, a wide range of limitations are covered between "slight and minimal," a finding of which would result in a conclusion that the claimant is not disabled, and "severe," a finding of which would lead to further review for a listed impairment. I think in order to be "significant" as the regulation demands, the limitation required, while something less than severe, nevertheless must be substantially more than "slight or minimal." See Keller v. Shalala, 26 F.3d 856, 859-60 (8th Cir. 1994) (Loken, J., dissenting). In any case, Sird's ability to perform light or sedentary work, albeit not his past relevant work, can only be viewed logically as having a positive effect on his "ability to perform basic work."

The Commissioner's decision that Sird is not entitled to SSI benefits "is supported by substantial evidence on the entire record." Box v. Shalala, 52 F.3d 168, 170 (8th Cir. 1995). I would affirm the decision of the District Court affirming the decision of the ALJ that the Commissioner properly denied SSI benefits to Sird.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.