# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3927

_____

| | | |
|---|---|---|
| Nancy E. Sales, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kenneth S. Apfel, Commissioner | * | |
| of Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 19, 1999

Filed: August 17, 1999

_____

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and
    MAGNUSON,[2] District Judge.

_____

WOLLMAN, Chief Judge.

Nancy E. Sales appeals from the district court's judgment affirming the denial
of her claim for disability benefits under Title II of the Social Security Act, 42 U.S.C.

---

[1]Roger L. Wollman became Chief Judge of the United States Court of Appeals
for the Eighth Circuit on April 24, 1999.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States District Court
for the District of Minnesota, sitting by designation.

§§ 401-433, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. We reverse.

## I.

Sales was born on June 23, 1960, and has a high-school education. Her past relevant work activity is that of a bank account reconciliator. Sales filed the current application for supplemental security income on November 13, 1995, and the current application for disability benefits on December 24, 1995, alleging a disability onset date of September 14, 1990. Her insured period expired on December 31, 1993.

Sales was diagnosed with Crohn's disease in 1981 or 1982. "Crohn's disease is a chronic, inflammatory disease of the gastrointestinal tract which produces symptoms such as severe abdominal pain, cramping, nausea, fatigue, diarrhea, and insomnia." Dix v. Sullivan, 900 F.2d 135, 136 (8th Cir. 1990). The disease is characterized by periods of remission and recurrence following treatment. See id. Sales first received medical treatment for Crohn's disease on December 29, 1988, and received treatment periodically throughout the insured period.

The Social Security Administration denied Sales's application initially and again on reconsideration. She requested and received a hearing before an administrative law judge (ALJ) on February 28, 1997. The ALJ considered the evidence of disability by applying the five-step analysis prescribed by the Social Security Regulations. See 20 C.F.R. §§ 404.1520(a)-(f); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step analysis). The ALJ concluded that Sales had not engaged in substantial gainful activity since September 14, 1990, and that her Crohn's disease constituted a severe impairment. He went on to find, however, that Sales's medical condition did not meet a listed impairment as described in 20 C.F.R. Part 404, Subpart P, App. 1, § 5.07. The ALJ found that Sales's subjective complaints of pain were not fully credible and that they failed to meet the factors set forth in Polaski v. Heckler, 739

F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted).  He then found that Sales retained the residual functional capacity to perform her past relevant work as well as light and sedentary work.  He therefore concluded that Sales was not disabled within the meaning of the Social Security Act.

The Appeals Council denied Sales's request for review, whereupon Sales filed a timely petition for review in the district court, which affirmed the ALJ's decision. Sales appeals, alleging, among other things, that the ALJ erred in finding that she did not have a listed impairment.

## II.

"Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole."  Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998) (internal citations omitted).  Substantial evidence is relevant evidence that a reasonable mind would accept to support the Commissioner's conclusion.  See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).  To determine whether existing evidence is substantial, "we must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it."  Id. (internal citations omitted).  We may not reverse the Commissioner's decision merely because substantial evidence supports a contrary outcome.  See Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993).

For Crohn's disease to qualify as a listed impairment under section 5.07, it must present "[r]egional enteritis (demonstrated by operative findings, barium studies, biopsy, or endoscopy)" and meet the conditions of one of four subsections.  20 C.F.R. Part 404, Subpart P, App. 1, §§ 5.07(a)-(d).  Under subsection 5.07(a), regional

enteritis[3] qualifies as a listed impairment if it also presents "[p]ersistent or recurrent intestinal obstruction evidenced by abdominal pain, distention, nausea, and vomiting and accompanied by stenotic areas of [the] small bowel with proximal intestinal dilation."

It is not disputed that Sales suffers from regional enteritis. A December 31, 1988, report from Dr. Carl I. Vyborny reveals that a barium study confirmed regional enteritis or intestinal inflammation. Inflammation was also observed in several subsequent medical examinations throughout the insured period. Thus, we turn to the question whether Sales meets the specific conditions of section 5.07(a).

On December 29, 1988, Sales went to an emergency room complaining of severe abdominal pain, nausea, and vomiting. She testified that following this first hospitalization she frequently experienced periods of abdominal pain and vomiting. The illness became so intense that she was forced to quit her job in September of 1990.

In a report dated February 4, 1991, Dr. Scott Satterfield, Sales's treating physician, indicated that Sales had partial intestinal obstruction evidenced by abdominal pain. He characterized her condition as "[p]ersistent or recurrent." Sales was again hospitalized due to abdominal pain in June of 1994. Although Sales entered several periods of remission coinciding with periods of pregnancy, the symptoms of the disease continued to recur. Accordingly, we conclude that Sales was suffering from "recurrent intestinal obstruction" under section 5.07(a).

---

[3]Enteritis is an "[i]nflamation of the intestine." Stedman's Med. Dictionary 575 (26th ed. 1995). Regional ententis is "a subacute chronic e[nteritis], of unknown cause, involving the terminal ileum . . . characterized by patchy deep ulcers that may cause fistulas." Id. Crohn's disease is recognized as a synonym for regional enteritis. See id.

In order for Sales's condition to qualify under section 5.07(a), the obstruction must also be accompanied by "stenotic areas of [the] small bowel with proximal intestinal dilation." Id. Stenosis is "a stricture of any canal." Stedman's Med. Dictionary 1673. Dr. Vyborny's 1988 report documented that "[s]everal segments of the distal ileum demonstrate moderate stricturing." He also noted superficial ulcerations within the terminal ileum,[4] and possible "very mild" dilation within the jejunum[5]. This stricturing, coupled with the observed ulcerations, indicates stenosis within the ileum during the insured period. Thus, we conclude that Sales's condition constitutes a listed impairment under section 5.07(a) and that Sales is entitled to receive benefits. See, e.g., Sird v. Chater, 105 F.3d 401, 403-04 (8th Cir. 1997) (finding that meeting all requirements of a listing entitles claimant to benefits without further inquiry).

The judgment is reversed, and the case is remanded to the district court for remand to the Commissioner for an award of benefits.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]The third portion of the small intestine. Stedman's Med. Dictionary 849.

[5]The middle portion of the small intestine, located between the duodenum and the ileum. Stedman's Med. Dictionary 904.