# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1799WM

_____

Jesse Senne,                                    *
                                                *
              Appellant,                        *
                                                *   On Appeal from the United
      v.                                        *   States District Court
                                                *   for the Western District
                                                *   of Missouri.
Kenneth S. Apfel, Commissioner                  *
of Social Security,                             *
                                                *
              Appellee.                         *

_____

Submitted:  November 17, 1999

Filed:   December 13, 1999

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


    Jesse Senne appeals the denial of his application for social-security disability benefits.  Mr. Senne argues that the Administrative Law Judge (ALJ) inadequately evaluated whether he suffered from a listed impairment.  The District Court upheld the denial.  We reverse and remand for further proceedings.

I.


Mr. Senne is a 42-year-old man who worked as a transport loader from 1976 until December 14, 1991.  On November 7, 1991, Mr. Senne injured his left wrist in a work-place accident.  On December 14, 1991, the alleged onset date of his disability, Mr. Senne was also diagnosed with carpal tunnel syndrome in both wrists.  Between January 21, 1992, and March 24, 1994, Mr. Senne underwent seven surgeries on his left wrist; the surgeries were followed by periods of casting, splinting, and physical therapy.  The initial surgeries, undertaken to repair the wrist injury and the carpal tunnel syndrome, were unsuccessful and led both to further complications of his condition and to the later surgeries.  Mr. Senne filed an application for disability benefits.  His claim was denied initially and on reconsideration.  He then filed a request for a hearing.


At his hearing, Mr. Senne claimed, among other things, that his left-wrist impairment qualified him for benefits under Listing 1.13, 20 C.F.R. pt. 404, subpt. P, app. 1.[1]  Mr. Senne argued that, as required by this listing, he had undergone a series of surgical procedures that had not restored the function of his left wrist within 12 months.  The ALJ found that Mr. Senne had injured his left wrist and had undergone, over a period of years, multiple surgeries on his wrist to correct the injury.  The ALJ did not discuss whether any of the surgeries were "staged" within the meaning of Listing 1.13.  He did find, however, that the purpose of one surgery was to remove support wires from a previous operation.  The ALJ did not discuss whether the purpose of the surgeries was to restore a major function of the wrist.  He did find that, even after the surgeries, Mr. Senne had a severe impairment of the wrist that restricted his ability to perform gross or fine manipulations with his left hand.

---

[1]This listing provides: "*Soft tissue injuries of an upper or lower extremity requiring a series of staged surgical procedures within 12 months after onset for salvage and/or restoration of major function of the extremity, and such major function was not restored or expected to be restored within 12 months after onset.*"

The ALJ rejected Mr. Senne's claim that his impairment met or equaled a listed impairment. The ALJ did not discuss either Listing 1.13 or any other listing specifically. He noted only that "a review of the medical evidence" supported a conclusion that the impairment did "not meet listing level severity." The ALJ also relied on his belief that Mr. Senne had not claimed a listed impairment, and that he was claiming only insufficient residual functional capacity to perform substantial gainful activity. Mr. Senne's lawyer, however, had stated at the hearing and in two letters to the ALJ that Mr. Senne was claiming a listed impairment. Ultimately, the ALJ found that Mr. Senne's severe impairment prevented him from performing his past work. But the ALJ also found that Mr. Senne could engage in other light and sedentary work, and denied his claim on that basis. Mr. Senne appealed the denial of his claim, and the Appeals Council denied review.

## II.

On appeal, Mr. Senne argues that the ALJ insufficiently explained the finding that he did not suffer from a listed impairment. Mr. Senne contends that an ALJ must make specific findings whenever a claimant's impairment may meet the requirements of a listed impairment. See Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996) (ALJ's summary conclusion that claimant did not meet listed impairment requirements was beyond meaningful judicial review; ALJ must discuss evidence and explain why listed impairment not met.) As the District Court observed, however, this is not the rule in the Eighth Circuit. We have consistently held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case. Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987). We therefore reject Mr. Senne's argument that the conclusory form of the ALJ's decision alone justifies remand.

We are, however, unable to ascertain on this particular record whether the ALJ's denial of Mr. Senne's claim under Listing 1.13 was supported by substantial evidence.

-3-

The Commissioner argues that the record supports the ALJ's decision because Listing 1.13 requires not only that a claimant meet the Listing's requirements, but also that a claimant be rendered unavailable for employment due to the surgical procedures. See Lapinsky v. Secretary of Health and Human Services, 857 F.2d 1071, 1073 (6th Cir. 1988). If the ALJ's decision was based on this rationale, it was an error. The record may indeed show, as the Commissioner argues, that Mr. Senne was not rendered unavailable for employment during the whole period of his surgeries. Nevertheless, when a claimant meets all the requirements of a listing, he is entitled to benefits without further inquiry into his ability to perform other work. See Sird v. Chater, 105 F.3d 401, 403, n.6 (8th Cir. 1997). Listing 1.13 states no requirement that a claimant be unavailable for employment during the course of his surgeries, and we have no authority to rewrite a listing.

Without an additional requirement, there is not substantial evidence on this record to support the ALJ's decision with regard to Listing 1.13. The ALJ found that Mr. Senne had injured his wrist and undergone a series of surgeries over a period of years that failed to restore full function to his wrist. These findings provide some support for Mr. Senne's claim under Listing 1.13. The ALJ did not find, and the record does not reveal, however, whether these surgeries were "staged" as required by Listing 1.13. The ALJ did find that at least one surgery was undertaken to remove wires implanted during a previous surgery. The ALJ did not find, and the record does not reveal, whether Mr. Senne's wrist surgeries were undertaken solely for the purpose of relieving his pain, or for the purpose of restoring strength and function to the wrist. Without these facts in the record, or some other factual ground for disqualifying Mr. Senne under Listing 1.13, we cannot say that the ALJ's decision was supported by substantial evidence.

Therefore, on this issue, we remand to the District Court with orders to remand to the Social Security Administration. On remand, the ALJ should develop the record more fully to ascertain the nature and purpose of Mr. Senne's surgeries with regard to

the requirements of Listing 1.13.  After making appropriate findings on these subjects, the ALJ should write an opinion that intelligibly relates the findings to the provisions of Listing 1.13 as properly interpreted.

Reversed and remanded with instructions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.