Lawrence v. SSA                    CV-99-198-JD  06/14/00

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mark Lawrence

        v.                              Civil No. 99-198-JD
                                        Opinion No. 2000DNH134
Kenneth S. Apfel,
Commissioner Social
Security Administration


                        O R D E R


     Mark Lawrence seeks review pursuant to 42 U.S.C.A. § 405(g)

of the denial of his application for social security benefits.

Lawrence alleges a disability due to a combination of physical

and mental impairments.  Following remand of the initial decision

of the Administrative Law Judge ("ALJ"), Lawrence was found to be

able to perform work other than his previous work and was

therefore determined not to be disabled.  Lawrence appeals the

decision on the grounds that his intelligence quotient meets the

listing level for mental retardation and that the ALJ erred in

finding him not disabled without considering his vision

impairment.  The Commissioner moves to affirm the decision

denying benefits.


                     Standard of Review

     The court must uphold a final decision of the Commissioner

denying benefits unless the decision is based on legal or factual

error.  See Manso-Pizarro v. Secretary of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (citing Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).  The Commissioner's factual findings are conclusive if based on substantial evidence in the record.  See 42 U.S.C.A. § 405(g) and § 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).  The Commissioner's findings are not conclusive "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Lawrence's application was denied at step five of the sequential evaluation process set forth in 20 C.F.R. § 404.1520.  The ALJ found that Lawrence was not able perform his past relevant work as a pallet repairer or as an etcher plater.  Based on the opinion of a vocational expert, the ALJ determined that Lawrence was able to perform work as an assembler of small parts and as a checker and inspector, and that he was therefore not disabled.  Upon denial of review by the Appeals Council, the ALJ's determination became the opinion of the Commissioner.

2

Lawrence first challenges the ALJ's determination at step three of the analysis that his impairments did not meet or equal the requirements of a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1. He contends that his intelligence quotient meets the listing at § 12.05(D) for mental retardation and that the ALJ erred in not finding him disabled due to mental retardation. At step three, the claimant bears the burden of proving that his condition meets or equals a listed impairment. See Dudley v. Secretary of Health and Human Servs., 816 F.2d 792, 793 (1st Cir. 1987).

The listing at § 12.05(D) requires "[a] valid verbal, performance, or full scale IQ of 60 through 70, . . . ." along with at least two of four listed functioning difficulties or deficiencies. The record establishes, and Lawrence acknowledges, that his intelligence quotient for verbal, performance, and full scale functioning has been measured to be in the range between 70 and 80. It is therefore unclear on what basis Lawrence claims to meet or equal a listed impairment for mental retardation. Instead, the record supports the ALJ's finding that Lawrence's impairment does not meet or equal the criteria listed for an impairment due to mental retardation.

Lawrence next contends that the ALJ erred in concluding that he was not disabled at the fifth step in the analysis because the

3

jobs the vocational expert found he could perform would be precluded due to his visual limitation, which was not included in the hypothetical posed to the expert.[1]  At the fifth step, the Commissioner has the burden to show that despite the claimant's severe impairments, he retained the residual functional capacity to do work other than his prior work and that work the claimant can do exists in significant numbers in the relevant economies. See Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991).

In making a disability determination, the ALJ is required to consider all of the record evidence, including the medical records and the claimant's own statements concerning his abilities and limitations.  See 20 C.F.R. § 404.1545(a); see also Hickman v. Apfel, 187 F.3d 688, 689 (7th Cir. 1999); Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  The opinion of a vocational expert as to whether a claimant is capable of performing work may be relied upon as substantial evidence only if the hypothetical posed to the expert is accurate, based on the record evidence.  See Marcotte v. Callahan, 992 F. Supp. 485, 493 (D.N.H. 1997) (citing Arocho v. Secretary of Health and Human

---

[1]In 1992, Lawrence was diagnosed by Dr. Joseph J. Raczek with stable amblyopia, which was correctable to 20/40 vision in his right eye and to 20/80 for distance and 20/100 for near vision in his left eye.  Dr. Raczek indicated no physical limitations due to Lawrence's vision impairment.

4

<u>Servs.</u>, 670 F.2d 374, 375 (1st Cir. 1982)). To be accurate, the hypothetical must include all of the claimant's limitations that are supported in the evidence of record. <u>See</u> <u>Herron v. Shalala</u>, 19 F.3d 329, 337 (7th Cir. 1994). A vision impairment can constitute a significant limitation on a claimant's ability to work. <u>See</u> <u>Collado v. Apfel</u>, 63 F. Supp. 2d 152, 159 (D.P.R. 1999).

At Lawrence's application hearing, the ALJ raised the issue of Lawrence's vision based on a reference in the record that he had been diagnosed in 1992 as having amblyopia. The ALJ asked to be provided with an up-to-date opthalmological record and said that he would then check with the vocational expert about what effect, if any, Lawrence's vision diagnosis would have on the expert's opinion as to the availability of jobs that he could perform. The ALJ left the record open for ten days for the submission of additional medical evidence, and Lawrence sent Dr. Raczek's 1992 records showing his diagnosis of amblyopia and a loss of visual acuity even with correction. The ALJ did not ask for additional medical evidence on Lawrence's vision and did not consult the vocational expert as to what effect the diagnosis would have on her opinion. The ALJ did not mention Lawrence's diagnosed vision impairment in his determination, and he relied on the jobs recommended by the vocational expert, who had not

5

been informed of the diagnosis.

Despite the ALJ's failure to address Lawrence's vision impairment, the Commissioner argues that the record contains substantial evidence to support a determination that Lawrence's ability to work was not affected. The Commissioner points to evidence of Lawrence's daily activities to show that his ability to function was not impaired by his vision loss. In particular, the Commissioner notes that Lawrence was able to watch television and play darts and was able to do cooking, cleaning, laundry, housekeeping, and shopping, although he preferred to have his girlfriend do those tasks.

The jobs recommended by the vocational expert could be expected to require some level of visual acuity for close work. Nothing in the record indicates what effect Lawrence's diagnosed condition of amblyopia and corrected near vision in his right eye to 20/100 and to 20/40 in his left eye would have on his ability to assemble small parts or to check and inspect parts. The ALJ did not explain, as the Commissioner has attempted to do after the fact, whether he considered Dr. Raczek's diagnosis in light of Lawrence's daily activities, or otherwise. In fact, the ALJ did not address Lawrence's vision limitations in his decision at all. Further, absent expert opinion, the ALJ is not qualified to interpret Dr. Raczek's diagnosis to determine its effect on

Lawrence's functional capacity to do the jobs recommended by the vocational expert. See Manso-Pizarro, 76 F.3d at 17. The ALJ's apparent failure to consider Lawrence's vision impairment is not merely a technical deficiency but instead prevents a reasoned review of the Commissioner's decision to deny benefits. See Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999); Collado, 63 F. Supp. 2d at 159.

Since Lawrence's visual limitation was not included in the hypothetical posed to the vocational expert, her opinion does not accurately state his ability to work in the relevant job market and does not constitute substantial evidence of Lawrence's ability to work. Therefore, the ALJ's determination that Lawrence is not disabled is not supported by substantial evidence in the record. Since the Commissioner has not carried the burden at step five to show that substantial evidence in the record supports his decision, the decision is vacated, and the case is remanded for further proceedings.

## Conclusion

For the foregoing reasons, the claimant's motion (document no. 8) is granted to the extent that the decision of the Commissioner is vacated and the case is remanded for further proceedings. The Commissioner's motion (document no. 9) is

7

denied.  Because this is a sentence four determination, the clerk of court shall enter judgment and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 14, 2000

cc:  Robert E. Raiche Sr., Esquire
     David L. Broderick, Esquire