# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3721

———————————————

Vicki L. Lockwood

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

——————

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

——————

Submitted: September 22, 2015
Filed: October 9, 2015
[Unpublished]

——————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

——————

PER CURIAM.

Vicki Lockwood applied for Social Security disability insurance benefits, alleging a disability onset date of March 24, 2006. After an evidentiary hearing, the Commissioner's administrative law judge (ALJ) denied relief, and the Appeals Council denied her request for administrative review. Lockwood then commenced

this action for judicial review of the adverse agency action. The district court[1] affirmed the agency's decision, rejecting Lockwood's procedural arguments and concluding that substantial evidence on the administrative record as a whole supported the ALJ's decision. Lockwood appeals. We affirm.

The ALJ found that Lockwood has severe impairments -- fibromyalgia, diabetes, migraines, Dercum's disease, and myofascial pain syndrome -- but these impairments in combination do not medically equal the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Considering the entire record, the ALJ then found that Lockwood has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she can lift or carry 20 pounds occasionally and 10 pounds frequently, can stand, walk, and sit 6 hours in an 8 hour day, can perform all postural positions occasionally but can never climb ladders or ropes, and must avoid hazards such as dangerous machinery and unprotected heights. Based upon this RFC, the ALJ found, consistent with the testimony of a vocational expert, that Lockwood is capable of performing her past relevant work as a storage garage manager and therefore is not disabled.

On appeal, Lockwood again attacks the ALJ's opinion on two procedural grounds. First, she argues that the ALJ's RFC finding cannot be upheld because it is not supported by "some medical evidence." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). But that is an incomplete statement of the relevant RFC inquiry established by a host of our prior Social Security disability cases:

> Because a claimant's RFC is a medical question [as opposed to a vocational question], an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. . . . Nevertheless, in evaluating a claimant's RFC, an ALJ is

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

-2-

not limited to considering medical evidence exclusively. . . . Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.

Cox v. Astrue, 495 F.3d 614, 619-20 (8th Cir. 2007).  Here, the administrative record included extensive medical evidence relating to the examination and treatment of Lockwood's severe impairments.  The ALJ reviewed this evidence and found that "[t]he objective clinical and diagnostic evidence does not support the claimant's allegations" of disabling limitations.  Like the district court, we conclude this was a proper analysis, and the record supports the ALJ's ultimate RFC determination.

Second, Lockwood argues the ALJ procedurally erred in failing to explain the weight given to the opinions of a state agency medical consultant and a psychiatric consultant.  When an ALJ gives no controlling weight to a treating physician's opinion, as in this case, the Commissioner's regulations provide that the ALJ *must* explain the weight given to the opinions of these other sources.  See 20 C.F.R. § 404.1527(e)(2)(ii). The district court rejected this contention because (i) the medical consultant in Lockwood's case was a "single decisionmaker," and not an acceptable medical source, see 20 C.F.R. §§ 404.906(b)(2), 404.1513(a); and (ii) the psychiatric consultant's opinion was not inconsistent with the ALJ's RFC finding.  We agree.

The judgment of the district court is affirmed.

_____

-3-