# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1841

_____

Nancy J. Harvey

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: September 22, 2016
Filed: October 7, 2016

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Nancy Harvey applied for Social Security disability insurance benefits, alleging a disability onset date of September 1, 2010, the day she was fired from her last job as a retail store greeter. After an administrative hearing at which Harvey and a vocational expert testified, the Administrative Law Judge ("ALJ") denied the application on January 10, 2014, concluding that Harvey suffered from severe but not listed impairments – mood disorder, anxiety disorder, residuals of brain tumor with

surgical resection, degenerative disc disease of the thoracic and cervical spine, and scoliosis – but that Harvey was not disabled because, while she could not perform her past relevant work, she retained the residual functional capacity ("RFC") to perform a limited range of light work. Harvey appealed to the Commissioner's Appeals Council, submitting additional evidence. The Appeals Council denied review.

Harvey filed this action for judicial review of the ALJ's decision, which is the final agency action when the Appeals Council denies review. Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995). In a thorough opinion, the district court[1] concluded that the ALJ's decision is supported by substantial evidence on the administrative record as a whole and affirmed the denial of disability benefits. Harvey appeals. "We review the district court's decision de novo, and will affirm if the Commissioner's decision is supported by substantial evidence on the record as a whole, including the new evidence that was considered by the Appeals Council." Van Vickle v. Astrue, 539 F.3d 825, 828 (8th Cir. 2008). Applying this deferential standard, we affirm.

## I.

Harvey underwent surgery to remove a malignant brain tumor in 1980, at age eighteen, and received postsurgical radiation therapy to her brain and spinal cord. Harvey then earned a four-year college degree and worked as a teacher's aide, hostess, and telemarketer. Most recently, she worked as a Wal-Mart greeter. In January 2010, Harvey saw neurologist Islam Tafish, complaining she was "slower than normal." Dr. Tafish examined Harvey and observed she had a "normal attention span," "normal judgment," and "good abstract thinking." Dr. Tafish ordered an MRI, the results of which showed Harvey had "some chronic radiation changes," but no

---

[1] The Honorable Jon Stuart Scoles, Chief Magistrate Judge of the United States District Court for the Northern District of Iowa, who was designated to decide the case on the merits with the consent of the parties pursuant to 28 U.S.C. § 636(c).

recurrent disease or mass effect. Dr. Tafish found that radiation had caused moderate brain atrophy, which would remain stable because Harvey was no longer receiving radiation therapy. Dr. Tafish opined that Harvey could "carry on a job and function normally as long as she gets enough training for the job, and this could take longer than what might be expected for the average person."

In connection with her disability benefits application, Harvey underwent a consultative mental examination, including the Wechsler Memory Scale test, which showed her memory capacities were generally within the average range. She was diagnosed as having adjustment disorder with mixed anxiety and depressed mood. A 2012 neuropsychological evaluation concluded that Harvey's preoccupation with perceived slowness was the main inhibitor of her job performance, as she in fact had cognitive functioning "within age-adjusted normal limits."

In September 2013, Harvey returned to neurologist Bahram Mokri at the Mayo Clinic, who had last examined Harvey in the 1980s after her brain tumor surgery. Harvey complained of "memory difficulties." After an MRI, Dr. Mokri's clinical report noted that Harvey's "performance on neuropsychological testing is better than would be expected" given the cognitive problems she reported. Dr. Mokri reported that "Miss Harvey's cognitive function has been somewhat slow, and I strongly suspect that this is a remote effect of radiation therapy." In a November 18, 2013 letter to Harvey's attorney, Dr. Mokri noted that Harvey is "suffering from remote effect of radiation therapy manifested by abnormalities of brain function." Dr. Mokri stated, "I was impressed by Nancy's slowness in performing mental tasks. Although, given enough time, she could come up with appropriate responses, it seemed that it took her a much longer time than usual."

After Harvey testified at the administrative hearing, the ALJ asked the vocational expert whether a person who is limited to "performing light work" and "only simple, routine, and repetitive work, work that doesn't require any close

attention to detail or use of independent judgment on the job," and who has physical limitations consistent with Harvey's degenerative disc disease and scoliosis, could perform (i) Harvey's past relevant work, or (ii) other light, unskilled jobs that exist in significant numbers in the national or Iowa economy. The vocational expert testified that a person with these limitations could not perform Harvey's past relevant work but could perform several light, unskilled jobs that exist in significant numbers, such as usher and rental consultant. After considering the medical opinion evidence, the ALJ determined that Harvey had the RFC to perform light, unskilled work, subject to the limitations listed in his hypothetical to the vocational expert. Considering Harvey's age, education, work experience, and RFC, the ALJ found that Harvey could successfully adjust to light, unskilled jobs existing in the national and Iowa economy and therefore was not disabled as defined by the Social Security Act.

Harvey then appealed to the Appeals Council, submitting a letter dated September 2, 2014 to Harvey's attorney in which Dr. Mokri noted that Harvey's "major difficulty" is "overall slowness and slow processing," which "has come upon her in a gradual fashion and has been gradually but relentlessly progressive." Dr. Mokri opined that Harvey "has been suffering from the remote effect of radiation therapy" following removal of a brain tumor in the early 1980s. "Regretfully, these types of problems are progressive and with no available remedy." In denying review, the Appeals Council stated that this additional evidence "does not provide a basis for changing the [ALJ's] decision."

**II.**

On appeal, Harvey first argues, as she did to the district court, that the ALJ's RFC determination is flawed because it fails to properly incorporate examining doctors' observations about her slow pace. The district court concluded that the ALJ "properly considered and accounted for" this limitation by limiting Harvey's RFC to "simple, repetitive, and routine tasks" and by finding that she "cannot pay close

attention to detail or use independent judgment," citing our decisions in <u>Howard v. Massanari</u>, 255 F.3d 577, 581-82 (8th Cir. 2001), and <u>Brachtel v. Apfel</u>, 132 F.3d 417, 421 (8th Cir. 1997). We agree. The ALJ expressly incorporated into the RFC work-related limitations suggested by medical source opinions regarding Harvey's slow pace, including Dr. Tafish's opinion that Harvey might need additional training time and Dr. Mokri's opinion about Harvey's memory and cognitive decline.

Harvey next argues that the additional evidence she submitted to the Appeals Council cast doubt on the ALJ's RFC determination, requiring a remand for consideration of this evidence by the ALJ. Like the district court, we disagree. Dr. Mokri's September 2014 letter simply restated his conclusions from the clinical report and November 2013 letter, which the ALJ had already considered. Cumulative evidence submitted to the Appeals Council "does not undermine the ALJ's RFC determination." <u>Perks v. Astrue</u>, 687 F.3d 1086, 1093 (8th Cir. 2012).

Finally, Harvey argues the RFC is legally flawed because it was not supported by substantial medical evidence from a treating or examining source. This misstates the governing principle. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. . . . Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively." <u>Cox v. Astrue</u>, 495 F.3d 614, 619 (8th Cir. 2007). Here, we agree with the district court that the ALJ properly weighed and considered the extensive medical evidence in the record in making the RFC determination. <u>See</u> <u>Lockwood v. Colvin</u>, 627 F. App'x 575, 577 (8th Cir. 2015).

Following careful <u>de novo</u> review, we agree with the district court that substantial evidence on the record as a whole supports the ALJ's decision. Accordingly, the judgment of the district court is affirmed.

_____