# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3625

_____

Tim Walker

*Plaintiff - Appellant*

v.

Nancy Berryhill,[1] Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: May 1, 2017
Filed: May 30, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

_____

[1]Nancy Berryhill has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Tim Walker appeals the district court's[2] order affirming a partially unfavorable decision as to disability insurance benefits and supplemental security income; in the opinion, the administrative law judge (ALJ) determined that Walker was disabled from April 2012 through the end of January 2014, but that as of February 1, 2014, he was no longer disabled due to medical improvement. We have carefully reviewed the relevant record and Walker's arguments for reversal, and we agree with the district court that substantial evidence on the record as a whole supports the ALJ's determination. See Harvey v. Colvin, 839 F.3d 714, 715 (8th Cir. 2016) (reviewing de novo district court's decision, and affirming if ALJ's decision is supported by substantial evidence on record as whole, including new evidence Appeals Council considered). Specifically, we conclude that substantial evidence supports the ALJ's determinations as to credibility, residual functional capacity (RFC), and medical improvement for the period beginning on February 1, 2014. See Hensley v. Colvin, 829 F.3d 926, 931-32 (8th Cir. 2016) (Commissioner must determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and individual's own description of his limitations; RFC is medical question and must be supported by some medical evidence of claimant's ability to function in workplace); Mabry v. Colvin, 815 F.3d 386, 389 (8th Cir. 2016) (this court defers to credibility findings if they are supported by good reasons and substantial evidence); Delph v. Astrue, 538 F.3d 940, 945-46 (8th Cir. 2008) (outlining steps in sequential analysis for cessation of benefits).

The judgment of the district court is affirmed.

---

[2]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

KELLY, Circuit Judge, dissenting.

The "'medical improvement' standard requires the Commissioner to compare a claimant's current condition with the condition existing at the time the claimant was found disabled and awarded benefits." Delph, 538 F.3d at 945. In this case, the ALJ determined that Walker was disabled from April 8, 2012, through January 31, 2014, but that due to medical improvement, he was no longer disabled as of February 1, 2014. The ALJ then determined that Walker's medical improvement was "related to the ability to work because there has been an increase in [Walker's RFC]." But it is not clear from the ALJ's opinion why Walker's RFC became less restrictive as of February 1, 2014; the opinion did not compare Walker's condition between April 8, 2012, and January 31, 2014, with his condition as of February 1, 2014. Although "an ALJ's failure to adequately explain his factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination," it is appropriate to remand "where the ALJ's factual findings, considered in light of the record as a whole, are insufficient to permit this Court to conclude that substantial evidence supports the Commissioner's decision." Scott ex rel. Scott v. Astrue, 529 F.3d 818, 822 (8th Cir. 2008) (quoting Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir.1999)). Here, without more explanation, it is impossible to determine whether substantial evidence supports the ALJ's finding that Walker was no longer disabled as of February 1, 2014. I would therefore remand for further consideration and findings that specifically explain why Walker's disability ceased due to medical improvement.

_____