KELLY, Circuit Judge,
dissenting.
The “‘medical improvement’ standard requires the Commissioner to compare a claimant’s current condition with the condition existing at the time the claimant was found disabled and awarded benefits.” Delph, 538 F.3d at 945. In this case, the ALJ determined that Walker was disabled from April 8, 2012, through January 31, 2014, but that due to medical improvement, he was no longer disabled as of February 1, 2014. The ALJ then determined that Walker’s medical improvement was “related to the ability to work because there has been an increase in [Walker’s RFC].” But it is not clear from the ALJ’s opinion why Walker’s RFC became less restrictive as of February 1, 2014; the opinion did not compare Walker’s condition between April 8, 2012, and January 31, 2014, with his condition as of February 1, 2014. Although “an ALJ’s failure to adequately explain his factual findings is ‘not a sufficient reason for setting aside an administrative finding1 where the record supports the overall determination,” it is appropriate to remand “where the ALJ’s factual findings, considered in light of the record as a whole, are insufficient to permit this Court to conclude that substantial evidence supports the Commissioner’s decision.” Scott ex rel. Scott v. Astrue, 529 F.3d 818, 822 (8th Cir. 2008) (quoting Senne v, Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999)). Here, without more explanation, it is impossible to determine whether substantial evidence supports the ALJ’s finding that Walker was no longer disabled as of February 1, 2014. I would therefore remand for further consideration and findings that specifically explain why Walker’s *416 disability ceased due to medical improvement.