# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2587

_____

James W. Rus

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 6, 2018
Filed: February 12, 2018
[Unpublished]

_____

Before BENTON, MURPHY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

James W. Rus appeals the district court's[1] order affirming the partially unfavorable decision on his applications for supplemental security income and

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

disability insurance benefits. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon de novo review, this court agrees with the district court that substantial evidence on the record as a whole, including new evidence the Appeals Council considered, supports the partially unfavorable decision at issue here. *See Harvey v. Colvin*, 839 F.3d 714, 715 (8th Cir. 2016). Specifically, the administrative law judge's (ALJ's) adverse credibility determination is entitled to deference, and the ALJ's determination as to Rus's residual functional capacity (RFC) is consistent with the diagnostic test results and assessments of Rus's medical providers. *See Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016) (this court defers to ALJ's credibility determination if it is supported by good reasons and substantial evidence); *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (it is ALJ's responsibility to determine RFC based on all relevant evidence: medical records, observations of treating physicians and others, and claimant's own description of his limitations); *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (RFC is medical question and must be supported by some evidence of claimant's ability to function in the workplace). The ALJ properly discounted the letter from a treating family nurse practitioner in determining Rus's RFC, because the letter was vague, conclusory, and speculative, and appeared to be based solely on Rus's reports, given that the nurse practitioner saw Rus only twice. *See McDade v. Astrue*, 720 F.3d 994, 999-1000 (8th Cir. 2013) (treating physician's opinion may be discounted when it is based largely on claimant's own subjective reports of symptoms and limitations); *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (treating physician's opinion that is, among other things, conclusory, cites no medical evidence, and provides little or no elaboration, is properly discounted). Rus's other arguments lack merit and were not raised below.

The judgment is affirmed.

_____