# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3557

———————————————

Albert Brown Bloom

*Plaintiff - Appellant*

v.

Kilolo Kijakazi,[1] Acting Commissioner of Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: July 27, 2021
Filed: August 2, 2021
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and KOBES, Circuit Judges.

——————————

PER CURIAM.

———————————————

[1]Kilolo Kijakazi has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Albert Bloom appeals the district court's[2] order affirming the denial of disability insurance benefits. We agree with the district court that substantial evidence in the record as a whole supports the adverse decision. See Swink v. Saul, 931 F.3d 765, 769 (8th Cir. 2019) (standard of review; Commissioner's decision will be upheld if it is supported by substantial evidence in record as whole). We find that the administrative law judge (ALJ) properly evaluated Bloom's subjective complaints, see id. at 771 (substantial evidence supported ALJ's credibility determination, which analyzed examination findings, diagnostic imaging results, and claimant's daily activities); and adequately evaluated the medical evidence to support the residual functional capacity (RFC) determination, see Harvey v. Colvin, 839 F.3d 714, 717 (8th Cir. 2016) (ALJ properly considered extensive medical evidence in making RFC determination); Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ did not err in failing to include limitation in RFC, as he determined that claimant's allegations about limitation were not credible). We also find that the ALJ did not fail to fully develop the record, as the available evidence was adequate to make a disability determination, and Bloom's counsel indicated at the hearing that the record was sufficient. See McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011) (ALJ is required to order examination only if records presented are insufficient to determine whether claimant is disabled); Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (while ALJ had duty to develop record despite claimant's representation by counsel, fact that counsel did not obtain or try to obtain evidence claimant now complained about suggested that evidence was of minor importance).

The judgment is affirmed.

_____

[2]The Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).